UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES HAMILTON, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-cv-04714-TWP-TAB |
| CLINTON FELDKAMP,<br>TY ROBBINS,<br>MORGAN FEENEY, and<br>STANLEY KNIGHT, in his individual and<br>official capacities, | ) |
| Defendants. | ) |

### I. Motion for Leave to File Amended Complaint

Plaintiff James Hamilton's motion for leave to file an amended complaint, dkt. [18], is **granted**. The **clerk is directed** to file the tendered pleading, dkt. [18-1], as the amended complaint. This litigation shall proceed with the amended complaint as the operative pleading in the action.

### II. Screening of Amended Complaint

Because Mr. Hamilton is a prisoner, his amended complaint is subject to the screening requirements of 28 U.S.C. § 1915A. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Hamilton are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

A thorough overview of the factual allegations in Mr. Hamilton's original complaint may be found in the Court's original screening entry, dkt. 13. Because the allegations in the amended complaint are substantially similar to those in the original complaint, the Court will proceed to its analysis of Mr. Hamilton's claims and take note of new allegations where appropriate.

A. **Claims Based on Knowledge of Specified Danger Based on Cooperation in Smuggling Investigation**

Mr. Hamilton claims that Defendants Feldkamp, Robbins, and Feeney all failed to protect him in violation of the Eighth Amendment after they were confronted with evidence that he was in danger of violence from other inmates after he cooperated in a smuggling investigation. In its original screening entry, the Court found that these allegations, if true would establish that Defendants Feldkamp, Robbins, and Feeney knew of and disregarded a specific, excessive risk to Mr. Hamilton's safety. *See Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). Therefore, Mr. Hamilton's Eighth Amendment claims against Defendants Feldkamp, Robbins, and Feeney, in their individual capacities, shall **proceed as submitted**.

The amended complaint adds claims against these defendants for negligence under Indiana law based on the same factual allegations. The Court finds that Mr. Hamilton's allegations that Defendants Feldkamp, Robbins, and Feeney failed to take appropriate action to protect him after learning that he was in danger due to his cooperation in the smuggling investigation state plausible negligence claims. Therefore, Mr. Hamilton's negligence claims against Defendants Feldkamp, Robbins, and Feeney shall **proceed as submitted**.

**B.    Claims Based on Failure to Separate Inmates Based on Security Classifications**

Mr. Hamilton also asserts that Defendants Knight, Robbins, and Feeney had responsibility over inmates' housing assignments and failed to either enact or execute protocols that would have promptly reassigned Mr. Hamilton from South Dormitory to a lower security housing unit following his reclassification from Level 1 to Level 2. In screening the original complaint, the Court found that these allegations did not state a plausible Eighth Amendment claim because they did not allege that a pervasive pattern of violence or a series of bad acts evidenced such an obvious risk of violence that the defendants must have been aware of it. *See Smith v. Sangamon Cnty. Sheriff's Dep't*, 188, 192–194 (7th Cir. 2013); *Washington v. LaPorte Cnty. Sheriff's Dep't*, 306 F.3d 515, 518–519 (7th Cir. 2002).[1]

In the amended complaint, Mr. Hamilton has pled factual allegations sufficient to state an Eighth Amendment claim for failure to separate inmates based on their security classifications. With his amended complaint, Mr. Hamilton included affidavits from inmates housed in South Dormitory about the same time he was seeking a new housing assignment. These inmates characterize South Dormitory as a home to "violent gang activity" and state that they witnessed "fights almost every day over debts and living conditions," "strong-arm robberies and assaults that resulted in injuries on a daily basis," "fights at least once per day," and "inmates jumping people" without intervention from prison staff. *See* dkt. 18-1 at 30, 31, 34. For purposes of screening, the Court finds that these affidavits describe a pervasive pattern of violence evidencing such an obvious risk of violence that prison administrators must have been aware of it. Therefore, Mr.

---

[1] *Smith* and *Washington* involved claims by pre-trial detainees, but the court analyzed the failure-to-protect claims under the Eighth Amendment in each case. *See Smith*, 715 F.3d at 191 ("Because Smith was a pretrial detainee, his deliberate-indifference claim arises under the Fourteenth Amendment's Due Process Clause but is governed by the same standards as a claim for violation of the Eighth Amendment's prohibition against cruel and unusual punishment"); *Washington*, 306 F.3d at 518.

Hamilton's Eighth Amendment claims against Defendants Knight, Robbins, and Feeney, in their individual capacities, based on their failure to separate inmates based on security classifications shall **proceed as submitted**.

The amended complaint adds claims against these defendants for negligence under Indiana law based on the same factual allegations. The Court finds that Mr. Hamilton's allegations that Defendants Knight, Robbins, and Feeney, in their individual capacities, failed to separate Level 1 inmates from Level 2 and 3 inmates state plausible negligence claims. Therefore, Mr. Hamilton's negligence claims against Defendants Knight, Robbins, and Feeney, in their individual capacities, shall **proceed as submitted**.

C.  **Official Capacity Claims Against Defendant Knight**

Like the original complaint, the amended complaint asserts Eighth Amendment and state-law negligence claims against Defendant Knight, the Superintendent at PCF, in both his individual and official capacities. Mr. Hamilton's claims against Defendant Knight in his private capacity are addressed in Part II(B) above.

A constitutional claim against a state official in his official capacity as an employee of the Indiana Department of Correction is in essence a claim against the State of Indiana itself and is therefore barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). Therefore, Mr. Hamilton's Eighth Amendment claim against Defendant Knight in his official capacity must be **dismissed**.

On the other hand, negligence claims against the State are permissible within the confines of the Indiana Tort Claims Act, Ind. Code § 34-13. Accordingly, Mr. Hamilton's negligence claim against Defendant Knight in his official capacity shall **proceed as submitted.**

**D.     Summary of Claims**

In sum, Mr. Hamilton's Eighth Amendment claims shall **proceed as submitted** against Defendants Feldkamp, Robbins, Feeney, and Knight in their individual capacities. Mr. Hamilton's state-law negligence claims shall **proceed as submitted** against Defendants Feldkamp, Robbins, Feeney, and Knight (in both his individual and official capacities) shall proceed as submitted. Mr. Hamilton's Eighth Amendment claim against Defendant Knight in his official capacity is **dismissed**.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Mr. Hamilton believes that additional claims were alleged in the amended complaint, but not identified by the Court, he shall have through April 30, 2018, in which to identify those claims.

## IV. Duty to Update Address

Mr. Hamilton shall report any change of address within ten (10) days of any change. The Court must be able to locate Mr. Hamilton to communicate with him. If Mr. Hamilton fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

## V. Addition of Defendant and Issuance and Service of Process

Defendants Feldkamp, Robbins, and Feeney are already identified as defendants on the docket in this case and have already appeared by counsel. Accordingly, they will receive service of the amended complaint through the Court's electronic case management system.

The **clerk is directed** to update the docket to reflect that Stanley Knight, in both his individual and official capacities, is now a defendant in this action. The **clerk is designated** pursuant to Federal Rule of Civil Procedure to issue process to Defendant Knight, in both his

individual and official capacities, in the manner specified by Federal Rule of Civil Procedure 4(d). Process shall consist of the amended complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 4/4/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES HAMILTON
161556
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

David A. Arthur
INDIANA ATTORNEY GENERAL
David.Arthur@atg.in.gov

Christine Potter Wolfe
INDIANA ATTORNEY GENERAL
christine.wolfe@atg.in.gov

By Electronic Service:

Stanley Knight, Superintendent of Plainfield Correctional Facility